The PLUM TREE, INC., Plaintiff,

v.

John M. FRASZ and Violet R. Frasz, Defendants, Counterclaim Plaintiffs and Third-Party Plaintiffs,

v.

The PLUM TREE, INC., AAMCO Automatic Transmissions, Inc., AAMCO Industries, Inc., Roger Marquet Direct Imports and Robert Morgan, Third-Party Defendants.

Civ. A. No. 73–746.

United States District Court, E. D. Pennsylvania.

June 10, 1977.

538

John D. Maida, George J. Hayward, Bridgeport, Pa., for plaintiff and third-party defendants.

Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for third-party defendants.

1. The third-party defendants, Plum Tree, Inc., AAMCO Automatic Transmissions, Inc., AAMCO Industries, Inc., Roger Marquet Direct Imports and Robert Morgan, have joined in Plum Tree's motion for summary judgment.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Plum Tree, Inc.[1] (Plum Tree), has moved for summary judgment on all six counts of the defendants' counterclaim which allege violations of the anti-trust laws, the securities laws and pendent claims for misrepresentation and breach of contract. The defendants, John M. Frasz and Violet Frasz (Fraszes), have filed a cross-motion for summary judgment on Counts I, II and III of their counterclaim. Oral argument was had on these motions. After examining the memoranda, exhibits, depositions and affidavits, we will grant the Plum Tree's motion for summary judgment as to Count IV; on all the other Counts we find that there are genuine issues of material fact which preclude our granting summary judgment in favor of either party.

Count IV of the Fraszes' counterclaim[2] alleges violations of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q and Rule 10b–5 of the Regulations promulgated by the Securities and Exchange Commission pursuant to the Securities Exchange Act of 1934. In Count IV the Fraszes contend that the Plum Tree made false representations and untrue statements of material fact in connection with the sale to the Fraszes of a Plum Tree franchise and the execution of a Plum Tree Franchise Agreement. In its motion the Plum Tree contends that the Fraszes do not state a cause of action upon which relief can be granted because the Franchise Agreement is not a "security" as defined in the Securities Act of 1933, 15 U.S.C. § 77b(1) or the Securities and Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Both the Securities Act of 1933 and the Securities Exchange Act of 1934 define the term "security" as including, among other things, an "investment contract". The Fraszes contend that the Franchise

2. Defendants' answer and counterclaim was filed on July 27, 1973. On July 10, 1974, defendants filed an amended counterclaim. By Stipulation of the parties, the jurisdictional paragraph of Count IV was amended on October 31, 1974.

Agreement constitutes an investment contract and is therefore subject to the stricture of the securities laws. The essential elements of an investment contract were definitely set forth in *SEC v. W. J. Howey*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946) as:

> . . . ˙a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party . . .

The basic test is

> whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others. 328 U.S. at 301, 66 S.Ct. at 1104.

*See United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 851–852, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975); *Tcherepnin v. Knight*, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967).

In *Lino v. City Investing Co.*, 487 F.2d 689 (3d Cir. 1973), in interpreting the *Howey* test, our Third Circuit stated:

> an investment contract can exist where the investor is required to perform some duties, as long as they are nominal or limited and would have "little direct effect upon receipt by the participant of the benefits promised by the promoters."[3] 487 F.2d at 692.

The question of whether a Franchise Agreement whose operative provisions appear to be identical to the Franchise Agreement signed by the Fraszes constitutes an investment contract was decided in the negative by Chief Judge Lord of this District. In *Plum Tree, Inc. v. Seligson*, 383 F.Supp. 307 (E.D.Pa.1974) Chief Judge Lord said:

> Turning to the agreement between the Seligsons and Plum Tree, we conclude that the efforts expected of the Seligsons were not nominal or insignificant. Paragraph 4(c) of the agreement provided:

> "During the period of this agreement LICENSEE shall devote his full time, energy and effort to the management and operation of the store and LICENSEE shall not engage in any other business either at the location of the store or at any other location."

Paragraph 4(d) similarly required the Seligsons to "vigorously and aggressively promote the sale of PLUM TREE products."

Defendants argue that the agreement significantly restricted their power and control over the Plum Tree operation. It is true that the power retained by Plum Tree to specify the decor of the store, the operating hours, the location of the store, the quality of the merchandise, and the arrangement of the store and window displays constituted a substantial limitation on defendants' operation of the franchise. Nonetheless, the every-day functioning of the store, such as hiring and firing of personnel, maintenance of good customer relations, and day-to-day "salesmanship," remained the duty of the Seligsons. Their efforts would contribute substantially to the success or failure of the venture. We cannot say that the residue of decision-making and responsibility left to the Seligsons under the franchise agreement was nominal. In such circumstances, we cannot find that the Seligsons were "led to expect profits solely from the efforts of the promoter . . . ." Howey, *supra*, 328 U.S. at 299, 66 S.Ct. at 1103.

We find this reasoning to be persuasive and hold that the Franchise Agreement between Plum Tree and the Fraszes is not an investment contract and thus not a security within the meaning of the securities laws.

## ORDER

AND NOW, to wit, this 10th day of June, 1977, upon consideration of cross-motions for summary judgment on Counts I, II and III of defendants' counterclaim and plaintiff's motion for summary judgment on

---

**3.** Citing Sec. Act Release No. 5211 (Nov. 30, 1971) reported in 1971–72 transfer binder C.C. H.Fed.Sec.L.Rep. # 98446.

**540**

Counts IV, V and VI of defendants' counterclaim, and the response thereto, it is hereby ORDERED and DECREED as follows:

1. Plaintiff's motion for summary judgment on Count IV is GRANTED;

2. The cross-motions for summary judgment on Counts I, II and III are DENIED; and

3. Plaintiff's motion for summary judgment on Counts V and VI is DENIED.